# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDREW L. CHICARELLI,**

    **Plaintiff,**

v.                                        **CIVIL ACTION NO. 1:12cv146**
                                                      **(Judge Keeley)**

**MARION COUNTY,**
**DAVID R. JONES [sic JANES], Circuit Court Judge**
**GEORGE TRENT, Warden,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On September 17, 2012, the plaintiff, who was then a state pre-trial detainee, filed a complaint pursuant to 42 U.S.C. §1983. On that same day, the plaintiff was sent a Notice of Deficient Pleading. On October 1, 2012, the plaintiff complied with the Notice of Deficient Pleading and subsequently an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who remains incarcerated at the North Central Regional Jail, following his sentencing in December of 2012, on three counts of Sexual Assault in the Second Degree, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The sum total of the plaintiff's statement of his claim is that "Marion County is keeping [him] locked up unsentenced and has for 3 years or [sic] unlawful confinement." (Doc. 7, p.8) For relief, the plaintiff is seeking "any and all relief possible." He also would like to have the charges dismissed with prejudice. (Doc. 7, p. 10). On

October 26, 2012, the plaintiff filed a Motion for Injunction seeking to enjoin the defendants from unlawfully confining him. On December 21, 2012, the plaintiff filed a Motion to Amend the complaint alleging that Judge Janes is biased against him because the alleged victim had been the complaining witness in another case in which he was the presiding judge. Said Motion to Amend was granted on March 7, 2013.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's claims should be dismissed because they have no chance for success because the defendants are immune from suit, are not subject to suit under § 1983, or the claim is barred.

## III. ANALYSIS

A. **Marion County**

    42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Randall-Baker v. John, 547 U.S. 830, 838 (1982).

    In the instant case, it is clear that Marion County is not a person within the meaning of § 1983 Therefore, it is not a proper defendant and must be dismissed.

B. **David R. Janes, Judge**

    Judges who are sued under 42 U.S.C. §1983 are absolutely immune from individual liability in exercising their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547 (1967). "Judicial immunity is immunity from suit, not just the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9,11 (1991). There are two exceptions to the absolute judicial immunity rule - if a judge acts without jurisdiction or has not acted in a judicial manner. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978), *rehearing denied,* 436 U.S. 951 (1978). The plaintiff has failed to set forth sufficient facts to demonstrate that Judge Janes acted without jurisdiction or did

not act in a judicial manner. Thus, Judge Janes is entitled to immunity and the undersigned recommends that the complaint, as it pertains to Judge Jones be dismissed.

**C. <u>Warden George Trent</u>**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgement for the relief the pleader seeks. "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." <u>Migdal v. Rowe Price-Fleming International, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, the plaintiff makes no specific allegations of a violation of any constitutional right against George Trent. Instead, it appears that the plaintiff merely names Warden Trent in his official capacity as the administrator/warden of the North Central Regional Jail. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Inasmuch as the plaintiff has failed to allege any specific act on the part of this defendant that exceeded the scope of his employment or violated any policy of the Regional Jail Authority, George Trent must be dismissed.

**IV. RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the complaint

(Doc. 1) and Amended Complaint (Doc. 19) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted. It is further recommended that the plaintiff's Motion for Injunction (Doc. 13) be **DENIED** because the plaintiff cannot succeed on the merits of his request for injunctive relief.[1]

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 11, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that at the time the plaintiff filed his complaint and the motion for injunctive relief, he was a pretrial detainee. However, he has since been sentenced, and accordingly, his request to be released is clearly no longer an available remedy for his allegation that he was being held without having been sentenced. See 1:13cv103.